IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM E. SPAULDING, III. § | | |
| TDCJ #297304, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-0952 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

The petitioner, William E. Spaulding, III, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the administration of his sentence. The respondent has filed a motion for summary judgment, arguing that Spaulding is not entitled to federal habeas corpus relief. (Docket Entry No. 6). Spaulding has filed a response. (Docket Entry No. 8). After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I. BACKGROUND**

The record reflects that Spaulding was convicted of aggravated rape in 1979, and sentenced to serve fifteen years in prison. Spaulding was later convicted of aggravated sexual abuse in 1985, and sentenced to serve thirty-five years in prison. Spaulding, who

remains incarcerated in the Luther Unit in Navasota, Texas, does not challenge any of his underlying convictions here. Instead he challenges the administration of his prison sentence as it relates to the calculation of his time credits.

Spaulding filed the pending federal habeas corpus petition on March 18, 2005.[1] Spaulding argues that prison officials failed to calculate his good-time credit correctly after a disciplinary conviction was deleted or expunged from his record. The record shows that Spaulding was convicted on March 27, 2001, in disciplinary case number 20010198005, of destruction of state property by tearing up a bed sheet. As punishment, Spaulding was reduced in time-earning classification status from SAT-3 to SAT-4. Prison officials later expunged this disciplinary case from Spaulding's record on August 1, 2002. In the mean time, however, Spaulding had been convicted of another disciplinary offense on April 17, 2001, in case number 20010219583, in which he was found guilty of trafficking and trading. Because Spaulding had been demoted in classification already in case number 20010198005, his punishment in case number 20010219583 resulted in a reduction in time-earning status from SAT-4 to LC-1.

Spaulding argues that, once his disciplinary conviction in case number 20010198005 was expunged on August 1, 2002, his punishment in case number 20010219583 should have

---

[1] The Clerk's office received Spaulding's pleadings on March 21, 2005. Spaulding executed the petition on March 4, 2005, but he indicates that he placed his pleadings in the prison mail system on March 18, 2005. For statute of limitations purposes, courts in this Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

been immediately corrected to elevate the demotion in time-earning status from SAT-3 to SAT-4, in place of the reduction of SAT-4 to LC-1 that he had received in that case. Spaulding explains that time-earning classification affects the amount of good-time credit an inmate earns for each month of imprisonment. Spaulding points out that inmates classified as SAT-3 earn 45 days of good-time credit each month, while inmates classified as SAT-4 earn 40 days of good-time credit each month. According to Spaulding, inmates classified as LC-1 earn only 20 days of good-time credit each month. Spaulding presents correspondence from Mary Stubblefield, who apparently works for TDCJ in the "Disciplinary Section," which shows that a correction was made to Spaulding's time-earning status. (Docket Entry No. 1, Exhibit C). Nevertheless, Spaulding complains that reductions in his classification status have cost him the opportunity to earn 260 days worth of good-time credits between April 9, 2001, and May 22, 2002, which TDCJ refuses to reinstate.

The respondent has filed a motion for summary judgment on the grounds that Spaulding's petition is barred by the governing one-year statute of limitations. Alternatively, the respondent argues that Spaulding is not entitled to federal habeas corpus relief. Spaulding disagrees. The parties' contentions are addressed below.

**II.   STANDARD OF REVIEW**

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A movant's burden is to point out the absence of evidence supporting the nonmovant's case. *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; and *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)). To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999)

("[I]n this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers."). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III.   DISCUSSION

#### A.   The One-Year Statute of Limitations

The respondent contends that Spaulding's petition is barred by the one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application

>> created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Because Spaulding does not challenge a state court judgment, the statute of limitations for federal habeas corpus review necessarily began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The respondent argues that the statute of limitations period began to run on April 17, 2001, which is the date on which his punishment was imposed in case number 20010219583. Under this analysis, Spaulding's federal habeas petition, filed on March 18, 2005, is time-barred.

In answer to the respondent's argument, Spaulding maintains that he could not have learned of the factual predicate for his claims until much later. Spaulding points out that his prior disciplinary conviction in case number 20010198005 was not expunged until August 1, 2002. Thereafter, Spaulding alleges that he presented his time-credit claims to the TDCJ

Time Credit Dispute Resolution Tribunal and engaged in an extensive letter-writing campaign before he received any result. (Docket Entry No. 8, at 4). Spaulding points to the letters from Mary Stubblefield of the TDCJ Disciplinary Section as proof that he did not receive an adverse decision on his time-credit dispute until August 4, 2004.[2] This raises a genuine issue of material fact about whether Spaulding's March 18, 2005 federal habeas corpus petition is within the one-year statute of limitations. Therefore, the Court denies the respondent's motion for summary judgment based on the one-year limitations period.

### B. Spaulding's Time-Earning Classification

The respondent moves for summary judgment on the grounds that, even if not time-barred, Spaulding's claims fail a matter of law for alternative reasons. Specifically, the respondent maintains that Spaulding fails to establish a constitutional violation. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

---

[2] For example, Spaulding asserts that he filed a claim with the TDCJ Time Credit Resolution Tribunal, which was denied after five months. (Docket Entry No. 8, at 4). However, Spaulding provides no dates and no documents in support of this contention.

A TDCJ inmate's classification status and the calculation of his time credits are matters governed by state law. The Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). To the extent that Spaulding's allegations involve only the application of state law, he has failed to make a claim for which federal habeas corpus relief can be granted. *See Nobles v. Johnson*, 127 F.3d 409, 418 n. 21 (5th Cir. 1997); *see also Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (holding that "the interpretation of state [time] crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"). A federal habeas corpus court will not grant relief from errors of state law, if any, unless the alleged error violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See, e.g., Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (citing *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983), *cert. denied*, 466 U.S. 984 (1984)).

Prisoners are protected by the Due Process Clause *only* when an action by prison administrators infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

Spaulding complains in this case that reductions in his classification status have cost him the opportunity to earn 260 days worth of good-time credits between April 9, 2001, and May 22, 2002. Prison inmates ordinarily have no protected constitutional interest in their custodial classification. *See Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998) (citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988)). To the extent that classification may the affect the duration of an inmate's term of confinement, the Fifth Circuit has expressly held that reductions in a prisoner's classification status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).

In *Malchi*, 211 F.3d at 958, the Fifth Circuit recognized that assignment to a particular time-earning status depends on a wide variety of factors that are vested within a prison administrator's discretion. It is apparent from exhibits in the record that Spaulding has had numerous disciplinary convictions during his tenure in TDCJ apart from the ones he references in the instant case. As Spaulding concedes, he does not challenge a particular disciplinary conviction or the punishment meted out at any individual disciplinary

proceeding. It further appears that Spaulding does not challenge a disciplinary conviction that resulted in the outright forfeiture of previously earned good-time credit. Rather, Spaulding's challenge is strictly limited to his time-earning classification status.

Spaulding's disciplinary history and his fluctuating time-earning classification status have only a speculative affect on the actual duration of his confinement. *See Malchi*, 211 F.3d at 958. For this reason, Spaulding's petition does not implicate a constitutionally protected interest. Absent a protected liberty interest, Spaulding cannot demonstrate a constitutional violation or show that he is entitled to federal habeas corpus relief. Because Spaulding is not entitled to relief as a matter of law, the respondent's motion for summary judgment on this issue is granted.

### IV.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring

further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has a valid claim. Accordingly, a certificate of appealability will not issue in this case.

**V.    CONCLUSION**

For all of the foregoing reasons, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Docket Entry No. 6) is **GRANTED**.

2. The petition is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **July 22, 2005**.

_____
Nancy F. Atlas
United States District Judge